UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHERI SPEER              :
     Plaintiff,          :
                         :
v.                       :    CASE NO. 3:17-cv-1304-RNC
                         :
SKAATS, et al.           :
     Defendants.         :

ORDER

On August 2, 2017, Sheri Speer, a debtor in bankruptcy, filed this action against Donna Skaats, Patrick Boatman and Lloyd Langhammer, all counsel for Seaport Capital Partners, LLC ("Seaport"), the largest creditor in the bankruptcy case. Ms. Speer also listed Stuart Cohen as a defendant. Cohen is a broker from Conn & Conn Mortgage Company and an attorney in fact for another creditor, Dr. Michael Teiger. ECF No. 1. Ms. Speer then filed an amended complaint adding defendants Jenna Sternberg, another Seaport Attorney; Margaret Labranche, a State Marshal; and Thomas Boscarino, the Chapter 7 Trustee. ECF No. 10. Boatman and Sternberg filed a motion to dismiss on November 10, 2017. ECF No. 16. Ms. Speer responded on December 4, 2017. ECF No. 23. Finally, on December 28, 2017, Ms. Speer filed a "notice of withdrawal of complaint." ECF No. 26. It is apparent that Ms. Speer meant to file a notice of voluntary dismissal to preserve her ability to "seek redress" at another time. Id. Courts interpret requests by pro se plaintiffs to dismiss actions without prejudice as notices of dismissal, even when they do not

1

meet formal filing requirements.  See DeCraene v. Neuhaus
(U.S.A.), Inc., No. 04 Civ. 2876(GEL), 2005 WL 1330761, at *2
(S.D.N.Y. June 3, 2005).  The notice of withdrawal filed by Ms.
Speer will be treated accordingly.[1]

Federal Rule of Civil Procedure 41(a)(1) provides that "the
plaintiff may dismiss an action without a court order by filing
. . . a notice of dismissal before the opposing party serves
either an answer or a motion for summary judgment."  Fed. R. Civ.
P. 41(a)(1)(A).  Exercising the right granted by Rule 41 to
dismiss an action requires no approval by the court.  Thorp v.
Scarne, 599 F.2d 1169, 1176 (2d Cir. 1979).  A valid Rule 41
notice of dismissal may be filed even after significant
proceedings have taken place.  See Wolters Kluwer Fin. Servs.,
Inc. v. Scivantage, 564 F.3d 110, 114-15 (2d Cir. 2009) (notice
filed after court granted TRO and ordered expedited discovery and
after parties  conducted considerable discovery).

---

[1] Ms. Speer's "notice" states that "Plaintiff withdraws the
original Complaint filed against all Defendants, heretofore
terminating this case."  ECF No. 26 (emphasis added).  One could
interpret this language to refer to only the original complaint,
ECF No. 1, thus maintaining the case made by her amended
complaint, ECF No. 10.  The language more strongly implies that
she intends to terminate the entire case, however.  In support of
this view, I note that Ms. Speer makes the same allegations in
the original complaint as in her amended complaint, merely adding
new defendants in the latter.

Ms. Speer's notice meets the requirements of Rule 41. Though a motion to dismiss has been filed, no defendant has filed an answer or a motion for summary judgment.

Accordingly, the case is dismissed without prejudice. The Clerk may close the file.

So ordered this 7th day of February 2018.

                                        /s/ RNC
                                  Robert N. Chatigny
                            United States District Judge